### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

Lisa Ann Mize,

        Plaintiff,

v.

Trans Union, LLC, and
Ocwen Loan Servicing, LLC

        Defendants.

Case No.: 3:15-cv-133-TCB-RGV

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendant's false reporting on Plaintiff's consumer reports, failures to follow reasonable procedures to ensure maximum possible accuracy of information, and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff, Lisa Ann Mize, is natural person who resides in Coweta County, Georgia.

3. Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Plaintiff is obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Ocwen Loan Servicing, LLC (hereinafter "Ocwen") does business in Georgia.

6. Ocwen regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

7. Ocwen uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Trans Union, LLC (hereinafter "Trans Union") is a credit bureau doing business in Georgia.

9. Trans Union regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

10. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.,

jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

11. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

12. On November 9, 2009, Plaintiff filed a bankruptcy petition, under Chapter 13 of the Bankruptcy Code, in the Northern District of Georgia, case number 09-14051. Plaintiff received a discharge of her debts by Order of that Court dated March 17, 2015.

13. Plaintiff's debt due and owing to Ocwen was not among the debts discharged in Plaintiff's bankruptcy.

14. The debt due and owing to Ocwen was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. On or about April 21, 2015, Plaintiff obtained a copy of her consumer credit report as published by Trans Union.

16. That report contained erroneous information as provided by Ocwen and published and reported by Trans Union. Specifically, Ocwen reported that Plaintiff's debt with Ocwen had a zero dollar ($0) balance, and that the debt

was discharged in Plaintiff's bankruptcy. A true and correct copy of the relevant page of this document is attached as Exhibit A.

17. Because Plaintiff's Owen debt was not discharged in Plaintiff's bankruptcy, the information described above was both false and misleading.

18. Ocwen communicated the false and misleading information to one or more consumer reporting agencies in an attempt to collect the debt.

19. In a letter dated June 27, 2015, Plaintiff disputed the inaccurate and misleading information to Trans Union, and advised Trans Union of the specific facts that rendered the reporting inaccurate and misleading. A copy of this dispute was also sent directly to Ocwen.

20. Upon information and belief, Trans Union timely notified Ocwen of the Plaintiff's dispute, in accordance with the requirements of 11 U.S.C. § 1681i.

21. In a document dated June 18, 2015, Trans Union advised Plaintiff that it had researched Plaintiff's dispute and that the item was being reported correctly. TransUnion provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter. A true and correct copy of the relevant page of this document is attached as Exhibit B.

22. There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information as reported and published by Defendants.

23. Despite having actual notice of specific facts that rendered the information in Plaintiff's consumer reports false and misleading, Defendants re-reported the false and misleading information.

24. Trans Union had an affirmative duty to communicate the specifics of Plaintiff's dispute to Ocwen.

25. Ocwen had an affirmative duty to investigate the dispute and accurately report its findings to TransUnion.

26. Likewise, TransUnion had an affirmative duty to independently investigate the dispute submitted by Plaintiff, and to accurately report the tradeline information, notwithstanding the information it received from Ocwen.

27. Ocwen has an affirmative duty to follow reasonable procedures to ensure maximum possible accuracy of information whenever it furnishes information to a consumer reporting agency for inclusion in a consumer report.

28. Trans Union has an affirmative duty to follow reasonable procedures to ensure maximum possible accuracy of information whenever it prepares consumer reports.

29. Each and both of the Defendants, independently and jointly, breached their duties as described above.

30. Defendants willfully failed to follow reasonable procedures to ensure maximum possible accuracy of information.

31. Due to Defendants' respective failures to follow reasonable procedures to ensure maximum possible accuracy of information, Plaintiff's consumer reports do not reflect the fact that Plaintiff has been making regular, timely payments on her debt to Ocwen, and thus Plaintiff's credit score is not improving as it otherwise would.

32. Defendants willfully failed to conduct reasonable investigations of Plaintiff's disputes.

33. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that Plaintiff's debt with Ocwen has a zero dollar ($0) balance, and that the debt was discharged in Plaintiff's bankruptcy was not appropriately deleted or modified.

34. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

35. Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation suppression of her credit score, out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress.

## **TRIAL BY JURY**

36. Plaintiff is entitled to and hereby requests a trial by jury.

## **CAUSES OF ACTION**

### **COUNT I**

### **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Trans Union)

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information in Plaintiff's consumer reports.

39. Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

40. As a result of Trans Union's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation suppression of her credit score, out-of-pocket expenses in challenging the Defendant's wrongful representations, detriment to her credit rating and emotional

distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

41. Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

42. Plaintiff is entitled to recover costs and attorney's fees from Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b) (Ocwen)

43. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

44. Ocwen willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

45. As a result of Ocwen's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to suppression of her credit score, out-of-pocket expenses in challenging the Defendant's wrongful representations, detriment

to her credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

46. Ocwen's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

47. Plaintiff is entitled to recover costs and attorney's fees from Ocwen pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)
### (Ocwen)

48. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

49. Ocwen's provision of false and/or misleading information in connection with its attempts to collect the debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

50. As a result of Ocwen's violations of the FDCPA, Plaintiff has suffered actual damages not limited to suppression of her credit score, out-of-pocket expenses in challenging the Defendant's wrongful representations, detriment to her credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

51. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Ocwen $1,000 in statutory damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages against Ocwen pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs against Ocwen pursuant to 15 U.S.C. § 1692k; and

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 21 day of August, 2015.

                                            */s/ Matthew T. Berry*
                                            Plaintiff's Attorney
                                            Matthew T. Berry, Bar No.: 055663
                                            Berry & Associates
                                            2751 Buford Highway, Suite 400
                                            Atlanta, GA 30324
                                            Ph. (404) 235-3334
                                            Fax (404) 235-3333
                                            matt@mattberry.com